UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cr-40032-SLD |
| | ) |
| ANTHONY JAMES JOHNSON, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Anthony James Johnson's pro se motion for compassionate release, ECF No. 37; counseled sealed Amended Motion for Compassionate Release, ECF No. 42; counseled Second Amended Motion for Compassionate Release, ECF No. 44; and Motion for Leave to File Exhibits #6 and #7 Under Seal, ECF No. 45. For the reasons that follow, the motions for compassionate release are DENIED, the sealed motion is MOOT, and the motion for leave to file exhibits under seal is GRANTED.

BACKGROUND

On May 17, 2017, Defendant was sentenced to 144 months of imprisonment for distribution of heroin. *See* Judgment 1–2, ECF No. 32.[1] He is currently serving his sentence at Federal Correctional Institute ("FCI") Elkton in Lisbon, Ohio, and is scheduled to be released June 21, 2025. *See* Find an inmate, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for Anthony James Johnson) (last visited Jan. 8, 2021). In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an order

---

[1] The sentence is to be served consecutively to any sentence imposed in Iowa State Court Case FECR366257, *see* Judgment 2, but the State of Iowa dismissed case FECR366257 on May 19, 2017, so no sentence was imposed. *See* Iowa Courts Online Search, Trial Court Case Search, https://www.iowacourts.state.ia.us/ESAWebApp/SelectFrame (click on trial court case search, search for Anthony J. Johnson, limit case type to criminal) (last visited Jan. 8, 2021).

1

reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Court appointed the Federal Public Defender to represent Defendant with respect to this motion.  *See* June 5, 2020 Text Order.  An amended motion was filed by counsel under seal on July 28, 2020, and then refiled as the Second Amended Motion for Compassionate Release on the public docket on August 16, 2020.  The United States opposes Defendant's request for compassionate release.  Resp., ECF No. 43.

## DISCUSSION

### I.     Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances.  18 U.S.C. § 3582(b).  As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  "The defendant has the burden to show he is entitled to a sentence reduction."  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

## II. Analysis

Defendant argues that he has exhausted his administrative remedies, Second Am. Mot. Compassionate Release 6; that he has established an extraordinary and compelling reason for a sentence reduction based on his diagnoses of chronic obstructive pulmonary disease ("COPD"), obesity, heart disease, and sarcoidosis (or inflammatory disease of the lungs) because he is at increased risk for severe illness from COVID-19, *id.* at 8–10; and that "the §[ ]3553(a) factors weigh in favor of [him] receiving a compassionate release to home confinement," *id.* at 16–17. The United States concedes that Defendant "has exhausted his administrative remedies" and "has medical conditions that are extraordinary and compelling considerations in favor of release." Resp. 1.  However, the United States argues Defendant's "argument for release fails miserably at the next step – consideration of the § 3553(a) factors." *Id.*

Because the parties agree on both the exhaustion and extraordinary and compelling reason requirements, the Court need not address them in detail.  It suffices to say that Defendant submitted an administrative request for compassionate release on April 14, 2020, *see* Request to Staff, Second Am. Mot. Compassionate Release Ex. 1, ECF No. 44-1, and that thirty days have since passed, so the exhaustion requirement is met. *See* 18 U.S.C. § 3582(c)(1)(A).  As for extraordinary and compelling reasons, the Seventh Circuit recently held that there is no applicable policy statement with which a sentence reduction must be consistent. *See United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).  The Court agrees with the parties that a defendant establishes an extraordinary and compelling reason for release if he suffers from an underlying condition that puts him at risk for serious illness or death should he contract COVID-19, *see, e.g.*, *United States v. Zarate*, 2:14-cr-20065 (C.D. Ill. Sept. 18, 2020), and further notes that this is consistent with the Sentencing Commission's "working definition" of extraordinary

and compelling reasons, *Gunn*, 2020 WL 6813995, at *2; *see* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii) (providing that extraordinary and compelling reasons for release exist if a defendant suffers from a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover").  Here, Defendant undisputedly suffers from at least one condition that the CDC recognizes as increasing his risk for severe illness from COVID-19.  *See* People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020) (COPD).  He has therefore established an extraordinary and compelling reason for release.

The Court's decision, then, comes down to whether releasing Defendant would be warranted considering the § 3553(a) factors.  These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); and "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B).

The Court finds, after consideration of the § 3553(a) factors, that releasing Defendant is unwarranted.  Defendant's offense was serious.  He distributed heroin on multiple occasions and sold heroin to an individual who died from injecting said heroin.  Revised Presentence Investigation Report ("PSR") ¶¶ 11, 15, 17, ECF No. 30.  Defendant was originally charged with Possession with Intent to Distribute Heroin, that resulted in death; however, he pled guilty to the lesser included charge of Distribution of Heroin.  *Id.* ¶¶ 148, 149.  By pleading guilty to the

4

lesser included charge, Defendant no longer faced a mandatory minimum sentence of 20 years and the Sentencing Guidelines range of 360 months to life was decreased to 15 to 21 months. *Id.* The parties agreed to a sentence of 144 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *Id.* The parties informed the Court that the agreed upon sentence took into consideration the Defendant's age and medical conditions, as well as input from the victim's family. The Court accepted the parties' agreement.

The Court commends Defendant for participating in educational and vocational programming while in BOP custody. But the seriousness of this offense and the fact that his health issues and age were already accounted for in his sentence weigh against granting this motion. Further, Defendant's criminal history includes seven felony drug convictions, two domestic batteries, an aggravated assault, and a cruelty towards a child conviction. Revised PSR ¶¶ 36–67. Prior to his arrest for the instant offense, Defendant used marijuana, "lean," and alcohol daily. *Id.* ¶¶ 132–134. Defendant sold drugs as his sole means of support since 2008. *Id.* ¶¶ 138, 140.

Moreover, the victim's family opposes Defendant's release. For example, the victim's mother wrote:

> [Defendant] has a long history of selling narcotics and other various violent repeat offender [charges]. . . . [H]e knew that selling Heroin would or could result in the overdose and or end of someone's life. My opinion is that for $100, he took my daughter's life. . . . These are dangerous times, I will agree[,] [b]ut to grant [Defendant] a release would be just one more example of the Judiciary system failing.

*See* Victim Statement 2, ECF No. 50-2.

Defendant's original sentence of 144 months imprisonment already took into consideration, among other factors, his age, the seriousness of the offense, the need for specific deterrence, and the need to provide just punishment and promote respect for the law. To release

Defendant now—after only approximately five years—would undermine these interests. The Court therefore denies Defendant's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

Accordingly, Defendant Anthony James Johnson's pro se motion for compassionate release, ECF No. 37, and counseled Second Amended Motion for Compassionate Release, ECF No. 44, are DENIED. The counseled sealed Amended Motion for Compassionate Release, ECF No. 42, is MOOT as Defendant refiled his amended motion on the public docket. The Motion for Leave to File Exhibits #6 and #7 Under Seal, ECF No. 45, is GRANTED as Defendant's medical records should remain under seal.

Entered this 8th day of January, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE